IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| STEPHEN D. GREEN, #K91760, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) ) ) |
| DAVE PALM, and RONALD VITALE, ROB JEFFREYS, SUSAN GRIFFIN, DR. AFUWAPE, WEXFORD HEALTH SOURCE, INC., ST. ELIZABETH'S HOSPITAL, | ) ) ) ) ) ) ) ) |
| Defendants. | ) |

Case No. 19-cv-00971-NJR

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Plaintiff Stephen Green, an inmate of the Illinois Department of Corrections ("IDOC") who is currently incarcerated at Southwestern Illinois Correctional Center ("Southwestern Illinois CC"), brings this civil rights action pursuant to 42 U.S.C. § 1983 for deprivations of his constitutional rights. Plaintiff claims that after a pallet of sandbags was dropped on his foot, he received inadequate medical care. He seeks monetary damages and injunctive relief.

Plaintiff's Complaint is now before the Court for preliminary review pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C.

1

§ 1915A(b). At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *Rodriquez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

THE COMPLAINT

Plaintiff makes the following allegations: On June 7, 2019, correctional officer Dave Palm lowered a pallet of sandbags onto his foot. (Doc. 1, p. 6). That same day Plaintiff was examined by Dr. Afuwape, who grabbed and twisted his injured foot. Plaintiff was taken to St. Elizabeth's Hospital, where he was kept chained and confined to a transport wheelchair. He was not allowed to have an MRI or to be examined on an examination table. On July 10, 2019, despite trying to show Dr. Afuwape paperwork from St. Elizabeth's Hospital and telling Dr. Afuwape that he was still experiencing pain in his foot, Dr. Afuwape took Plaintiff's crutches. *Id.* at p. 7. Health Care Administrator, Susan Griffin, also knew Plaintiff still had persistent foot pain and disregarded the paperwork from the hospital. *Id.*

DISCUSSION

Based on the allegations in the Complaint, the Court finds it convenient to designate the following three Counts:

**Count 1:** Eighth Amendment claim of deliberate indifference to Plaintiff's safety against Palm, Vitale, and Jeffreys.

**Count 2:** Illinois state law claim of negligence against Palm, Vitale, and Jeffreys.

**Count 3:** Eighth Amendment claim of deliberate indifference to a serious medical need against Vitale, Griffin, Dr. Afuwape, Wexford, and St. Elizabeth's Hospital.

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any claim that is mentioned in the**

**Complaint but not addressed in this Order is considered dismissed without prejudice as inadequately pled under the *Twombly*[1] pleading standard.**

## Count 1

The Eighth Amendment's prohibition of cruel and unusual punishment requires prison officials to "take reasonable measures to ensure an inmate's safety." *Christopher v. Buss,* 384 F.3d 879, 882 (7th Cir. 2004) (citing *Farmer v. Brennan,* 511 U.S. 825 (1994)). "To state a claim premised on prison officials' failure to protect him from harm, [plaintiff] must allege that the defendants knew of and disregarded an 'excessive risk' to his 'health and safety.'" *Id.* An excessive risk "is one that society considers so grave that to expose any unwilling individual to it would offend contemporary standards of decency". *Id.* (citing *Helling v. McKinney,* 503 U.S. 25, 36 (1993)).

Because Plaintiff claims a pallet of sandbags was lowered onto his foot causing an injury that required treatment by an outside hospital, he has alleged enough to demonstrate that his work conditions exposed him to a sufficiently serious risk of harm at the pleading stage. He also claims that Warden Vitale was present onsite for several days supervising the sandbag operations, knew about the unsafe working conditions, and allowed such conditions to occur. Count 1 will therefore proceed against Warden Vitale.

He has not pled enough facts, however, to show deliberate indifference on the part of Corrections Officer Palm or IDOC Direct Jeffreys. He claims that Palm admitted to lowering the pallet on his foot (Doc. 1, p. 6), but he makes no allegations regarding Palm's culpable state of mind and whether Palm acted with deliberate indifference. *See Farmer,* 511 U.S. at 842.

---

[1] *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007).

Furthermore, Plaintiff does not allege facts indicating that Jeffreys was directly and personally involved with the alleged deprivation, only that he denied Plaintiff's grievance. A defendant cannot be held liable simply because he is in a supervisory position or denied a complaint or grievance. *See Adams v. Durai*, 153 F. App'x 972, 975 (7th Cir. 2005); *Owens v. Hinsley,* 635 F.3d 950, 953 (7th Cir. 2001). For these reasons, Count 1 will be dismissed without prejudice as to Palm and Jeffreys.

**Count 2**

The claim of negligence arises under Illinois state law, and the Court has supplemental jurisdiction over the claim because it involves the same facts as the federal claims. *See* 28 U.S.C. § 1367(a). Plaintiff states that Defendants were negligent. This bald and conclusory allegation, without any information offered in support of this claim, however, does not satisfy the *Twombly* pleading requirements. *See Twombly*, 550 U.S. at 570 (to survive screening, claim must be "plausible on its face"); *Brooks v. Ross,* 578 F.3d 574 (7th Cir. 2009). While negligence could certainly be possible, his allegations describe no plausible claims for violations of Illinois tort law. Counts 2 shall be dismissed without prejudice.

**Count 3**

Plaintiff also claims to have been denied adequate medical treatment for the injuries he sustained as a result of the fall. Inmates are entitled to adequate medical care. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). To establish liability, a prisoner must satisfy both an objective and subjective component by showing: (1) his medical need was objectively serious; and (2) the defendant acted with deliberate indifference to that medical need. *Farmer*, 511 U .S. at 834. A medical need is "serious" if it is one that a physician has diagnosed as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's

attention. *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). Additionally, "[d]eliberate indifference may occur where a prison official, having knowledge of a significant risk to inmate health or safety, administers blatantly inappropriate medical treatment, acts in a manner contrary to the recommendation of specialists, or delays a prisoner's treatment for non-medical reasons, thereby exacerbating his pain and suffering." *Perez v. Fenoglio*, 792 F.3d 768, 777 (7th Cir. 2015)(internal citations and quotations omitted)(citing *McGowan v. Hulick*, 612 F.3d 636, 640 (7th Cir. 2010)).

Although Plaintiff does not explain what type of treatment method St. Elizabeth's Hospital suggested or required in the paperwork and mere disagreement with a physician's chosen course of treatment is not deliberate indifference, *see Snipes v. DeTella,* 95 F.3d 586, 591 (7th Cir. 1996), Plaintiff's claims that Dr. Afuwape and Susan Griffin disregarded the hospital's recommendations resulting in further pain merits further consideration. *See Wiemann v. Randle,* No. 11-cv-095-JPG, 2011 WL 5403528, at *4-5 (S.D. Ill., Nov. 8, 2011) (holding that a claim of deliberate indifference against a corrections officer for confiscating an inmate's crutches when he was put into segregation survived merit review).

Plaintiff claims that he asked Warden Vitale for help getting proper medical treatment and that Vitale declined. Construing the complaint liberally, these facts are enough to infer that Vitale knew that a there was a substantial risk of harm to Plaintiff and failed "to act in disregard of that risk." *Arnett,* 658 F.3d at 751. Count 3 will, therefore, proceed against Warden Vitale.

Plaintiff's claim that Dr. Afuwape was deliberately indifferent when he aggressively grabbed and twisted his injured foot, during what appears to be an examination on the same day the injury occurred, is dismissed. "A plaintiff must 'provide the grounds of his entitlement to relief' by saying enough to 'raise a right to relief above the speculative level[.]'" *Jervis v. Mitcheff,* 258

5

F. App'x 3, 5 (7th Cir. 2007)(quoting *Twombly,* 550 U.S. at 555 (citations omitted)). Plaintiff again relies on the conclusory statement that Dr. Afuwape's "actions show deliberate indifference" without providing any information regarding Dr. Afuwape's subjective state of mind. *See Brooks,* 578 F.3d at 581.

Plaintiff also fails to state a claim against Wexford Health Source, Inc. ("Wexford") because it cannot be held liable based on the actions of its employees or agents. *Shields v. Ill. Dep't of Corr.,* 746 F.3d 782, 789 (7th Cir. 2014) ("respondent superior liability does not apply to private corporations under § 1983"). Wexford can be held liable for deliberate indifference only if it had a policy or practice that caused the alleged violation of a constitutional right. *Id*. Plaintiff does not allege that a Wexford policy or practice caused any denial or delay of medical treatment. As such, Plaintiff's deliberate indifference claim against Wexford in Count 3 also will be dismissed without prejudice for failure to state a claim.

Similar to Wexford, St. Elizabeth's Hospital can only be held liable under Section 1983 if it operated under the color of state law when treating Plaintiff and "the injury alleged is the result of a policy or practice". *Rodriguez v. Plymouth Ambulance Serv.,* 577 F.3d 816, 822 (7th Cir. 2009)(quoting *Johnson v. Dossey,* 515 F.3d 778, 782 (7th Cir. 2008)). Other than writing "off site care for S.W.I.C.C." for St. Elizabeth's Hospital in the list of defendants section of the Complaint, (Doc. 1, p. 4), the Complaint does not allege that St. Elizabeth's Hospital or any of its doctors had a contractual relationship with Southwestern Illinois CC or with IDOC to provide medical care to prisoners. Whether or not St. Elizabeth's Hospital can be considered a "state actor" is a key factor in determining whether Plaintiff can maintain a constitutional claim for deliberate indifference to a medical/mental health condition against such a Defendant. *See Rodriguez,* at 577 F.3d at 822-30. A plaintiff cannot proceed with a federal claim under § 1983 against a non-state actor. *See Am.*

*Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999); *Gayman v. Principal Fin. Servs., Inc.*, 311 F.3d 851, 852-53 (7th Cir. 2003). Plaintiff does not claim that such a contractual relationship existed here; neither does he claim that failure to administer an MRI or be properly examined on an examination table were based on a policy. Accordingly, Count 3 is dismissed as to St. Elizabeth's Hospital.

### INJUNCTIVE RELIEF

Plaintiff attempts to bring claims against defendants in their individual and official capacities. (Doc. 1, p. 6). To the extent that plaintiff is seeking monetary damages, he cannot pursue official capacity claims against any of the individual defendants. *See Brown v. Budz*, 398 F.3d 904, 918 (7th Cir. 2005) (Eleventh Amendment bars official capacity claims for monetary damages). To the extent that plaintiff is seeking injunctive relief, Ronald Vitale, warden of Southwestern Illinois CC remains a party in this action and is the proper defendant for ensuring that any injunctive relief is implemented. *See Gonzalez v. Feinerman,* 663 F.3d 311, 315 (7th Cir. 2011). Allowing plaintiff to proceed with his official capacities claims against Griffin and Dr. Afuwape for injunctive relief would be redundant. Therefore, the official capacity claims against these defendants shall be dismissed with prejudice.

In his requests for relief, Plaintiff asks the Court for a preliminary injunction ordering defendants to cease unprofessional, dangerous, and discriminatory actions. (Doc. 1, p. 8). However, he did not file a separate motion for a preliminary injunction or set forth the reasons he is entitled to immediate relief under Rule 65(a) of the Federal Rules of Civil Procedure. Accordingly, to the extent he is seeking a preliminary injunction, such request is denied at this time without prejudice. If Plaintiff wishes to formally request a preliminary injunction or a temporary restraining order while this action is pending, he must file a separate motion and brief

pursuant to Rule 65. In the motion and supporting brief, he should specifically indicate the interim relief he seeks and the grounds that support his request for relief.

## MOTION FOR RECRUITMENT OF COUNSEL

Plaintiff has filed a Motion for Recruitment of Counsel (Doc. 3), which will be denied at this time. *See Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007) (articulating the test for recruiting counsel). In the Motion, Plaintiff states that he has contacted four law firms, but was unable to obtain representation. (Doc. 3, p. 1). Because he provides the Court with only one rejection letter from the four firms he has contacted and does not include any other additional information, such as copies of the letters he mailed or even the addresses of the firms he contacted, the Court finds that Plaintiff has not provided sufficient information regarding his attempts to obtain counsel. Additionally, he does not offer any reasons why he is unable to proceed *pro se* in this action. Given the early stage of the litigation, it is difficult to accurately evaluate the need for assistance of counsel, so the recruitment of counsel is premature. *See Kadamovas v. Stevens*, 706 F.3d 843, 845 (7th Cir. 2013) ("[U]ntil the defendants respond to the complaint, the plaintiff's need for assistance of counsel...cannot be gauged."). The Court encourages Plaintiff to renew his request for the appointment of counsel at a later date. If Plaintiff does renew his request, he should give the Court rejection letters from at least three lawyers to prove that he has made reasonable efforts to find a lawyer on his own.

## DISPOSITION

**IT IS ORDERED** that the Complaint survives preliminary review pursuant to 28 U.S.C. § 1915A. **Count 1** shall proceed against Vitale and **Count 3** shall proceed against Griffin, Dr. Afuwape, and Vitale.

**IT IS FURTHER ORDERED** that **Count 2** is dismissed without prejudice for failure to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED** that Defendants **Palm, Jeffreys, Wexford Health Source, Inc.,** and **St. Elizabeth's Hospital** are **DISMISSED** from the action. The Clerk of Court is **DIRECTED** to terminate these parties as defendants from the Court's Case Management/ Electronic Case Filing ("CM/ECF") system.

**IT IS FURTHER ORDERED** that the Motion for Recruitment of Counsel (Doc. 3) is **DENIED** without prejudice and the request for a preliminary injunction (Doc. 1, p. 8) is **DENIED** without prejudice.

**IT IS ORDERED** that the Clerk of Court shall prepare for **Vitale, Griffin,** and **Dr. Afuwape**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk of Court is **DIRECTED** to mail these forms, a copy of the complaint, and this memorandum and order to each defendant's place of employment as identified by plaintiff. If a defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk of Court within 30 days from the date the forms were sent, the Clerk of Court shall take appropriate steps to effect formal service on that defendant, and the court will require that defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a defendant cannot be found at the work address provided by plaintiff, the employer shall furnish the Clerk of Court with that defendant's current work address, or, if not known, his or her last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the

Clerk of Court. Address information shall not be maintained in the court file or disclosed by the Clerk of Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). **Pursuant to Administrative Order No. 244, defendants need only respond to the issues stated in this merit review order.**

This entire matter shall be **REFERRED** to a United States Magistrate Judge for disposition, pursuant to Local Rule 72.2(b)(3) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

**IT IS FURTHER ORDERED** that if judgment is rendered against plaintiff, and the judgment includes the payment of costs under Section 1915, plaintiff will be required to pay the full amount of the costs, whether or not his *in forma pauperis* application is granted. 28 U.S.C.§ 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this Order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

DATED: 10/10/2019

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**

## Notice to Plaintiff

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to your Complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answer, but it is entirely possible that it will take **90 days** or more. When all the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. **Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.**