IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| STEPHEN D. GREEN, | ) | |
|---|---|---|
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. 19-CV-971-RJD |
| RONALD VITALE, SUSAN GRIFFIN, and DR. AFUWAPE, | ) ) ) ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

**DALY, Magistrate Judge:**

The matter is before the Court on the Motion for Summary Judgment for Failure to Exhaust Administrative Remedies (Doc. 48) filed by Defendants Griffin and Vitale. For the following reasons, Defendants' motion is **GRANTED**.

### BACKGROUND

Plaintiff Stephen Green, an inmate in the custody of the Illinois Department of Corrections ("IDOC"), filed this lawsuit pursuant to 42 U.S.C. § 1983, alleging that his constitutional rights were violated while he was incarcerated at Southwestern Illinois Correctional Center ("S.W.I.C.C."). Following threshold review, Plaintiff proceeds on the following claims:

**Count 1:** Eighth Amendment claim of deliberate indifference to Plaintiff's unsafe working conditions against Vitale.

**Count 3:** Eighth Amendment claim of deliberate indifference to a serious medical need against Vitale, Griffin, and Dr. Afuwape.

Defendants Griffin and Vitale filed a motion for summary judgment asserting Plaintiff failed to properly exhaust his administrative remedies prior to filing this lawsuit (Doc. 48). Specifically, Defendants contend while Plaintiff filed multiple grievances, he did not grieve the actions of either Warden Vitale or Griffin. Plaintiff timely filed a response (Doc. 52) arguing

Defendants were aware of his complaints, he was never instructed on how to properly write a grievance, and he feared retaliation if he named the warden in a grievance.

The Court reviews the following relevant grievances contained in the record.

**June 7, 2019, 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** (**Docs. 49-1 at 27-28, 49-2 at 8-9**): Plaintiff states he sustained an injury when a forklift operator accidently lowered a pallet of sandbags onto his foot. Plaintiff was taken to St. Elizabeth's hospital for treatment and then returned to S.W.I.C.C. Plaintiff states in the grievance that the Warden, COs, lieutenants, majors, and the "majority of the medical staff" treated him with the "upmost respect and gave me immediate care." However, Plaintiff grieves that Nurse Sawyer and Dr. Afuwape were disrespectful and failed to provide him proper medical treatment. Specifically, Plaintiff grieves Afuwape aggressively grabbed and twisted his foot and Nurse Sawyer was rude and threatened him with discipline when he asked for pain medication. Plaintiff's requested relief was for proper treatment and respect from all staff. Additionally, Plaintiff asked for an apology from Sawyer and that the Warden make Sawyer and Afuwape take sensitivity training. On June 18, 2019, the counselor responded that the grievance was reviewed, and he had been evaluated and treated by an emergency medical provider and that all staff presented themselves in professional manner. The grievance was denied.

On June 24, 2019 the grievance was appealed to the grievance office (Doc. 49-1 at 26). On June 27, 2019, the grievance officer reviewed the grievance and contacted the health care unit administrator who confirmed the offender had been seen by medical providers since the injury. The administrator further noted the offender had pain medication, crutches, and a low bunk permit until he was released by a physician. The grievance officer noted the offender's healthcare needs were being met and that he could not substantiate staff misconduct. It was recommended the

grievance be denied. On July 1, 2019, the chief administrative officer concurred.

On July 12, 2019, the Administrative Review Board received an appeal of the June 7, 2019 grievance and a June 8, 2019 grievance. The ARB denied the appeal on August 5, 2019 finding that the issues were appropriately addressed by the facility Administration (Doc. 49-1 at 14).

Defendants Griffin and Vitale assert this grievance does not serve to exhaust Plaintiff's administrative remedies as to either of them because he does not grieve any actions taken by Griffin or Vitale. Defendants point out that Plaintiff actually stated that the Warden (Vitale) treated him with the "utmost respect."

**June 8, 2019, 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** (Doc. 49-1 AT 16-17): This grievance was filed as an emergency. On June 11, 2019, the CAO determined the grievance was not an emergency and informed Plaintiff he should submit in in the normal manner. Plaintiff states that his foot was injured when a forklift was lowered on his foot while he was working on a sandbag crew. Plaintiff named staff member Palm as the operator of the forklift. Plaintiff explains that he was taken to St. Elizabeth's Hospital and then subsequently treated by medical personnel at S.W.I.C.C. Plaintiff sets forth the actions of staff at St. Elizabeth's as well at Nurse Sawyer. Plaintiff grieves that he is in pain and that since the accident happened the day before, he has received two disciplinary reports. The requested relief was for physical therapy, examination by foot specialist and nerve doctor at an outside hospital, medical bills paid for by IDOC, future help for physical injuries and emotional damages, proper training for staff, and an OSHA contact.

On June 20, 2019, a counselor reviewed the grievance and contacted the health care unit. A statement from Susan Griffin, the Health Care Unit Administrator, set forth that Plaintiff was diagnosed at St. Elizabeth's Emergency Room with a toe injury (Doc. 49-2 at 10). She further

states he was last seen on June 19, 2019, by a doctor and the swelling was practically gone and he was continuing to improve. She also indicated he had pain medication, crutches, and a low bunk permit until released from the doctor's care. The grievance was denied.

On June 24, 2019, Plaintiff appealed to the grievance office (Doc. 49-1 at 15). Upon review, the grievance officer determined Plaintiff was treated appropriately for his left foot/toe injury, his medical bills are paid while he is in IDOC custody, and his healthcare needs were being met at the time. It was recommended the grievance be denied. On June 26, 2019, the CAO concurred.

Plaintiff appealed the grievance to the ARB, along with the grievance from the prior day. As set forth above, the ARB determined the issue was handled appropriately by the Administration of the facility and denied the appeal.

Defendants Griffin and Vitale assert this grievance does not serve to exhaust his administrative remedies as to either of them because he does not name or describe actions taken by Griffin or Vitale.

**June 10, 2019, #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** (Doc. 49-1 at 10-11): Plaintiff states that on June 7, 2019 he was mistreated in the health care unit. Plaintiff grieves that he was issued a disciplinary ticket by Nurse Sawyer on June 7, 2019, and a second ticket by Sgt. Hawkins on June 10, 2019. Plaintiff also states he was yelled at by Dr. Afuwape and Sgt. Hawkins. The requested relief was for both tickets to be expunged and for a written apology from Hawkins and Sawyer. On June 18, 2019, a counselor reviewed the grievance, determined Plaintiff was given two IDRs and found guilty of both. The final summary report for the two IDRs found Plaintiff guilty of insolence on June 7, 2019 and June 10, 2019 and he received 14 days phone restriction and 14 days commissary

restriction (Doc. 49-1 at 12-13). The counselor could not substantiate the staff conduct complaints and denied the grievance.

On June 19, 2019, Plaintiff appealed to the grievance office. The grievance officer reviewed Plaintiff's medical records as well as the tickets issued and determined the tickets and discipline stand as issued and recommended denying the grievance (Doc. 49-1 at 9). On July 1, 2019, the CAO concurred.

On August 5, 2019, the ARB reviewed the disciplinary report and denied Plaintiff's appeal finding no violation of his due process (Doc. 49-1 at 8).

Defendants again assert this grievance does not serve to exhaust his administrative remedies as to either of them because he does not grieve any actions taken by Griffin or Vitale.

**July 10, 2019, #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 (Doc. 49-1 at 6-7):** Plaintiff states that on this date Dr. Afuwape took away his crutch and informed him he was done with Plaintiff's foot injury and "tired of this file." Plaintiff spoke with Counselor Davison, multiple lieutenants, and the health care unit administrator and nobody could provide him a crutch. Plaintiff states that the health care unit administrator told him to try to walk on his foot to see if it will heal. Plaintiff grieves that he is in pain and needs an MRI. The relief requested was an MRI from an outside hospital, a crutch to help him get around, help for his pain and suffering, physical therapy, and to see a foot doctor. On July 22, 2019, Susan Griffin, the Health Care Unit Administrator, reviewed Plaintiff's grievance and his medical record which indicated he was last seen on July 15, 2019 and the left foot injury remains resolved (Doc. 49-2 at 24). At that time, Plaintiff was released and approved to resume school, work, yard, gym, and sports. On July 29, 2019, a counselor reviewed the memorandum from the health care unit administrator and recommended the grievance be denied.

On August 23, 2019, Plaintiff appealed to the grievance office (Doc. 49-1 at 5). The grievance officer reviewed the grievance and all available information and recommended the grievance be denied based upon medical documentation that offender had received appropriate treatment. On August 27, 2019, the CAO concurred.

On September 3, 2019, the ARB received an appeal (Doc. 49-1 at 2). On September 12, 2019, the ARB denied the grievance finding the issue was appropriately addressed by the facility Administration.

Defendants assert Plaintiff failed to properly exhaust this grievance prior to filing suit because he did not wait to receive a response from the ARB when he filed suit on September 4, 2019. Additionally, Defendants argue Warden Vitale is neither mentioned or described in the grievance.

After a careful review of the arguments and evidence set forth in the parties' briefs regarding the issue of exhaustion, the Court determined that an evidentiary hearing pursuant to *Pavey v. Conley*, 544 F.3d 739 (7th Cir. 2008) is not necessary.

### **LEGAL STANDARD**

Summary judgment is appropriate only if the moving party can demonstrate "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322(1986); *see also Ruffin-Thompkins v. Experian Information Solutions, Inc.*, 422 F.3d 603, 607 (7th Cir. 2005). The moving party bears the initial burden of demonstrating the lack of any genuine issue of material fact. *Celotex*, 477 U.S. at 323. Once a properly supported motion for summary judgment is made, the adverse party "must set forth specific facts showing there is a genuine issue for trial."

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). A genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Estate of Simpson v. Gorbett*, 863 F.3d 740, 745 (7th Cir. 2017) (quoting *Anderson*, 477 U.S. at 248). In determining a summary judgment motion, the Court views the facts in the light most favorable to, and draws all reasonable inferences in favor of, the nonmoving party. *Apex Digital, Inc. v. Sears, Roebuck & Co.*, 735 F.3d 962, 965 (7th Cir. 2013) (citation omitted).

Pursuant to 42 U.S.C. § 1997e(a), inmates are required to exhaust available administrative remedies prior to filing lawsuits in federal court. "[A] prisoner who does not properly take each step within the administrative process has failed to exhaust state remedies." *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002). "[A] suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999). "[A]ll dismissals under § 1997e(a) should be without prejudice." *Ford v. Johnson*, 362 F.3d 395, 401 (7th Cir. 2004).

An inmate in the custody of the Illinois Department of Corrections must first submit a written grievance within 60 days after the discovery of the incident, occurrence or problem, to his or her institutional counselor, unless certain discrete issues are being grieved. 20 ILL. ADMIN. CODE § 504.810(a). If the complaint is not resolved through a counselor, the grievance is considered by a Grievance Officer who must render a written recommendation to the Chief Administrative Officer — usually the Warden — within two months of receipt, "when reasonably feasible under the circumstances." *Id*. §504.830(e). The CAO then advises the inmate of a decision on the grievance. *Id.*

An inmate may appeal the decision of the Chief Administrative Officer in writing within 30 days to the Administrative Review Board for a final decision. *Id.* § 504.850(a); *see also Dole v. Chandler*, 438 F.3d 804, 806–07 (7th Cir. 2006). The ARB will submit a written report of its findings and recommendations to the Director who shall review the same and make a final determination within 6 months of receipt of the appeal. 20 ILL. ADMIN. CODE § 504.850(d) and (e).

An inmate may request that a grievance be handled as an emergency by forwarding it directly to the Chief Administrative Officer. *Id.* § 504.840. If it is determined that there exists a substantial risk of imminent personal injury or other serious or irreparable harm, the grievance is handled on an emergency basis, which allows for expedited processing of the grievance by responding directly to the offender. *Id.* Inmates may further submit certain types of grievances directly to the Administrative Review Board, including grievances related to protective custody, psychotropic medication, and certain issues relating to facilities other than the inmate's currently assigned facility. *Id.* at § 504.870.

## ANALYSIS

Defendants Vitale and Griffin argue Plaintiff failed to name or identify them in any grievance that was properly exhausted before filing suit. Plaintiff argues he was never given any instructions on how to write a grievance and did not know to name each person that was liable. Additionally, Plaintiff asserts he did not know that he could name Defendant Vitale because he was the Chief Administrative Officer. Plaintiff also argues he feared retaliation if he named administrators in his grievances.

The grievance form completed by Plaintiff specifically instructs offenders to, "Provide

information including a description of what happened, when and where it happened, and the name or identifying information for each person involved." The June 6, 2019, June 7, 2019, and June 10, 2019 grievances do not name or grieve any actions taken by Defendants Vitale or Griffin. Plaintiff's argument that he was not aware he needed to name each individual in a grievance is without merit. Additionally, Plaintiff fails to set forth any evidence that he would have been subjected to retaliation if he would have named either administrator in a grievance.

In the July 10, 2019 grievance, Plaintiff did state that Plaintiff spoke to the health care unit administrator (Defendant Griffin) regarding crutches, but Plaintiff failed to properly exhaust this grievance. Plaintiff appealed the grievance on September 3, 2019, and filed suit on September 4, 2019, before waiting for the response from the ARB. Proper exhaustion is required as a prerequisite to filing suit. Additionally, Plaintiff failed to name or identify Defendant Vitale in this grievance. Defendants Vitale and Griffin are entitled to summary judgment for failure to exhaust administrative remedies.

## Conclusion

Based on the foregoing, the Motion for Summary Judgment based on Plaintiff's Failure to Exhaust Administrative Remedies filed by Defendants (Doc. 48) is **GRANTED**, and Plaintiff's claims against Defendants Vitale and Griffin are **DISMISSED WITHOUT PREJUDICE.** The Clerk shall enter judgment accordingly at the close of the case.

Plaintiff proceeds in the case on the following claim:

**Count 3:**      **Eighth Amendment claim of deliberate indifference to a serious medical need against Dr. Afuwape.**

**IT IS SO ORDERED.**

**DATED:** April 2, 2020

*s/ Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**